# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARLONDA JEANNETTA FRANKLIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner of the Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) | Case No. CIV-15-707-BMJ |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Arlonda Jennetta Franklin, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's denial of disability insurance benefits (DIB). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. The Commissioner has answered and filed the administrative record (AR), and both parties have briefed their respective positions. For the reasons stated below, the Commissioner's decision is affirmed.

## I. Procedural Background

Plaintiff filed her application for DIB on August 23, 2012 with a protective filing date of August 13, 2012. AR 170. The Social Security Administration (SSA) denied the application initially and on reconsideration. AR 51, 60. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. AR 12-21. The Appeals Council denied Plaintiff's request for review. AR 1-4. Thus, the decision of the ALJ became the final decision of the Commissioner. It is this decision which is the subject of judicial review.

## II.     The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluations process); *see also* 20 C.F.R. § 404.1520. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, January 1, 2012. AR 14. At step two, the ALJ determined that Plaintiff has the following severe impairments: chronic pain and stiffness of neck and upper and lower back secondary to chronic strain/sprain and mild degenerative disc disease of her cervical and lumbar spinal regions; chronic pain and stiffness of her left shoulder secondary to chronic strain/sprain; chronic left hip pain and stiffness secondary to chronic strain/sprain; and diabetes mellitus. AR 17. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

The ALJ next determined Plaintiff's residual functional capacity (RFC). The ALJ found Plaintiff could perform light work "except that standing and/or walking is limited to no more than 30 minutes at [a] time, up to 6 hours in an 8-hour workday, with no more than occasional squatting." AR 17.

At step four, the ALJ found that Plaintiff could perform her past relevant work as a mental health and recreation counselor. AR 21. The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act. *Id.*[1]

---

[1] Although the ALJ found that Plaintiff could perform light work subject to limitations on standing, walking and squatting, the ALJ further found that Plaintiff's past relevant work is work performed at the sedentary level and, therefore, such work did not exceed her RFC. AR 21.

### III. Plaintiff's Claims

Plaintiff brings two claims of error. First Plaintiff contends that the ALJ failed to weigh certain medical evidence – a CT scan and specific treatment records from Dr. Roberts – in accordance with the proper standards. Second, Plaintiff claims the ALJ's step-four analysis is erroneous, focusing on phase one of that analysis.

### IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

V.       **Analysis**

   A.    **The ALJ's Weighing of the Medical Evidence**

Plaintiff seeks reversal of the Commissioner's decision relying on CT scans of the lumbar regions of her spine in July 2013 and five pages of medical records discussing an examination of Plaintiff on September 5, 2013, by a treating physician, Dr. Eric C. Roberts. AR 377-80, 382-86. Specifically, Plaintiff states the following:

> The examination showed a trigger point in [Plaintiff's] left central proximal deltoid, tenderness in the suboccipital region of her skull, muscle spasms in the lumbar regions of her spine, decreased sensation in the posterior region of her left leg and on the sole of her left foot, difficulties with her range of motion in her neck, and tenderness at various points in her left shoulder.

*See* Social Security Opening Brief [Doc. No. 17] (Pl.'s Brf.) at p. 12.[2]  As Plaintiff notes, upon examination of Plaintiff, Dr. Roberts treated her with steroid injections. *See id*. at p. 12 (*citing* AR 385). According to Plaintiff, the CT scans and Dr. Roberts' findings "undercut the ALJ's implication that physical therapy [in April and May 2013] offered considerable improvement in [her] condition." *Id*. at p. 13. Plaintiff, therefore, contends that "the ALJ's review of the medical record was improper" because he relied only on evidence that supported his conclusions while ignoring evidence that does not support those conclusions. *Id*. (*citing* AR 19-20).

Plaintiff is correct that an ALJ may not "pick and choose among medical reports, using portion of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004). But a review of the ALJ's decision demonstrates that did not happen here. Instead, the ALJ thoroughly discussed the medical evidence. AR 18-

---

[2] Page citations to the parties' submissions reference the Court's Electronic Case Filing (ECF) pagination.

20. That review included not only Plaintiff's physical therapy and chiropractic treatment, but physical examinations of treating and evaluating physicians. AR 19.

The record fails to disclose that the ALJ did not properly consider the medical diagnoses of Dr. Roberts. *See* 20 C.F.R. § 404.1527(a)(2) ("Medical opinions are statements from physicians . . . that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis . . . ."). The ALJ included as severe impairments at step two chronic pain and stiffness in Plaintiff's back, neck, left shoulder and left hip and her mild degenerative disc disease of her cervical and lumbar spinal regions. AR 17. These severe impairments encompass the medical findings reflected in Dr. Roberts' treatment records. *See Fulton v. Colvin*, 631 F. App'x 498, 506 (10th Cir. 2015) (rejecting claimant's contention that ALJ erred in failing to address treatment records regarding low back pain where the ALJ found at step two that the claimant had severe spinal disorders); *Duncan v. Colvin*, 608 F. App'x 566, 574 (10th Cir. 2015) (rejecting claim that ALJ failed to properly evaluate medical opinions where the ALJ found severe impairments at step two based upon the doctor's diagnoses).

In the context of making a credibility determination, the ALJ found that after the April and May 2013 physical therapy, Plaintiff "was found to have reached her treatment goals and was discharged based on experiencing improvement of her symptoms." AR 19. The ALJ further found: "[t]here is no showing that since January 1, 2012, [Plaintiff] has sought or required any other course of physical therapy or other rehabilitative treatments/therapies." *Id*.

Plaintiff is insistent that she is not challenging the ALJ's credibility determination in this action. *See* Reply Brief [Doc. No. 22] at p. 3 ("Issues concerning the ALJ's evaluation of

[Plaintiff's] credibility were never raised in the Opening Brief.").[3] And, to the extent the treatment records of Dr. Roberts reflect Plaintiff's subjective complaints of pain, the ALJ assessed Plaintiff's credibility "[a]fter careful consideration of [] all the evidence," and concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms" but that Plaintiff's statements were not entirely credible. AR 20.[4]

Instead, Plaintiff argues that the ALJ's findings regarding her physical therapy treatment are contradicted by Dr. Roberts' treatment records. *See* Pl.'s Brf. at p. 13. But Plaintiff fails to demonstrate how this evidence, even assuming it is contradictory, constitutes error based on an improper weighing of the medical evidence. Plaintiff "does not point to medical opinions of [Dr. Roberts] regarding work-related limitations attributed to the impairments he diagnosed or the placement of any significant exertional restrictions." *Duncan*, 608 F. App'x at 574. "Given that the ALJ did not reject the medical impairments found by [Dr. Roberts] and there were no medical opinions regarding [Plaintiff's] work-related functional limitations, there was no opinion

---

[3] For this reason, the Court agrees with Plaintiff that the Commissioner's brief is largely non-responsive to the issues raised. *See* Brief in Support of the Commissioner's Decision [Doc. No. 21] at pp. 9-13.

[4] Plaintiff contends that the ALJ "ignored" the CT scan and Dr. Roberts' treatment notes. *See* Pl.'s Brf. at p. 13 (*citing* AR 19-20). The ALJ's decision does not specifically reference Dr. Roberts' records. However, the ALJ stated that he considered all of the medical evidence and generally, a court must take the ALJ at his word. *See Wall*, 561 F.3d at 1070. Moreover, for the reasons set forth, any failure to discuss the treatment records of Dr. Roberts constitutes harmless error, at best. *See Fulton*, 631 F. App'x at 506 (finding harmless error based on ALJ's failure to consider physician's findings of, inter alia, tenderness in back and pain in hips where, at step two, ALJ found claimant had severe spinal disorders, the RFC accounted for that severe impairment by limiting the claimant to sedentary work with a number of postural limitations, and the physician did not "assess any specific functional limitations") (*citing Mays v. Colvin*, 739 F.3d 569, 578–79 (10th Cir. 2014) ("[A]n ALJ's failure to weigh a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of [RFC].")).

on such matters by [Dr. Roberts] for the ALJ to weigh." *Id*. *See also Wyatt v. Barnhart*, 190 F. App'x 730, 734 (10th Cir. 2006) (rejecting claimant's contention that "the medical records from her treating physician . . . corroborate her testimony of disabling pain and reveal greater limitations than those reflected in the RFC" where the claimant "concede[d] . . . that none of the treatment records express an opinion regarding her physical limitations"). To this end, the treatment records from Dr. Roberts do not include significantly probative evidence pertinent to Plaintiff's alleged claim of error. *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (requiring ALJ to discuss reasons for rejecting evidence provided such evidence is "significantly probative"); *see also Korum v. Astrue*, 352 F. App'x 250, 254 (10th Cir. 2009) (rejecting plaintiff's claim that the ALJ impermissibly picked and chose those portions of the medical record favoring a finding of disability; "[t]he evidence that the ALJ did not mention was not of such quality as to require discussion under *Clifton*").

Indeed, in seeking reversal, Plaintiff points to no medical evidence of functional limitations which conflicts with the ALJ's RFC determination. Nor does Plaintiff challenge the ALJ's findings with respect to the medical evidence he relied upon to make his RFC determination. Notably, the ALJ specifically found that "no treating and evaluating physician has prescribed any significant long-term restrictions and limitations," *see* AR 19, and Plaintiff has not challenged this finding. For all these reasons, Plaintiff's first claim of error lacks merit and is denied.

**B.    The ALJ's Step-Four Analysis**

Plaintiff also challenges the ALJ's step-four analysis. Plaintiff claims that "[t]he ALJ's primary error at step four was his failure to include all of [her] limitations in the RFC assessment." *See* Pl.'s Brf. at p. 15. Plaintiff claims that the ALJ acknowledged "pain and

7

stiffness in [her] neck, left shoulder, and upper back as severe impairments" but failed to consider the consequences of those impairments at step four. *Id*. at p. 16. Like Plaintiff's first claim of error, however, Plaintiff fails to cite evidence demonstrating functional limitations resulting from these severe impairments different than those included in the ALJ's RFC determination. *See Banks v. Colvin*, 547 F. App'x 899, 903 (10th Cir. 2013) (explaining that a step-two determination that an impairment is severe "only allows the sequential process to proceed; it does not reflect the severity of [the claimant's] functional limitations relevant to step four").

As set forth, the ALJ restricted Plaintiff to light work with additional limitations on standing, walking and sitting. The ALJ's decision reflects that he considered all of Plaintiff's impairments and her subjective complaints of pain in reaching his RFC determination. AR 17-20. For the reasons discussed, Plaintiff has not shown the ALJ's RFC determination is not supported by substantial evidence. And Plaintiff has not presented "an adequately developed challenge" to any other aspect of the ALJ's step-four analysis. *See Suttles v. Colvin*, 543 F. App'x 824, 826 (10th Cir. 2013).[5] Accordingly, Plaintiff's claim of error lacks merit.

Having reviewed the record and the parties' submissions, the Court concludes that Plaintiff has not shown that the ALJ failed to properly weigh the CT scan and treatment records of Dr. Roberts. Nor has Plaintiff shown that the ALJ's step-four RFC determination does not adequately account for all exertional and non-exertional limitations – supported by the medical record and found to be credible – resulting from her severe and non-severe impairments.

---

[5] Plaintiff cites relevant case law setting forth the three phases of the step-four analysis. *See* Pl.'s Brf. at p. 14 (*citing Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996)). But Plaintiff only challenges the first phase of that analysis in which the ALJ must evaluate a claimant's RFC.

The decision of the Commissioner is AFFIRMED.

ENTERED this 16th day of June, 2016.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE

9